IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-cv-530-BO

ROSIE JONES-DEBNAM, )
 )
    Plaintiff, )
 )
v. ) ORDER
 )
BELLAROSE NURSING AND REHAB )
CENTER, INC., )
 )
    Defendant. )

This matter comes before the court on defendant's motion to dismiss count three of plaintiff's complaint. Defendant's motion is granted.

## BACKGROUND

Plaintiff Rosie Jones-Debnam, an African American, worked as a licensed practical nurse in defendant Bellarose Nursing and Rehab Center, Inc.'s rehabilitation and long-term care facility. Compl. ¶¶ 13, 17. A few months into plaintiff's employment, a unit coordinator position held by another employee was vacated. *Id.* at ¶ 20. Defendant's director of nursing, also an African American, spoke with plaintiff about plaintiff's interest into moving into that position. *Id.* Following their conversation, the director adjusted plaintiff's schedule so that she could learn more about defendant's operations and assigned plaintiff administrative tasks to teach her about the role of unit coordinator. *Id.* Months later, defendant hired a Caucasian employee to the position. *Id.* at ¶ 22. Prior to the hiring, a Caucasian administrator at defendant's facility told defendant that there the budget would not allow for another unit coordinator position. *Id.* at ¶ 21. Plaintiff alleges that, based on these facts, defendant failed to promote plaintiff due to her race.

*Id.* at ¶ 22. Plaintiff further alleges that a Caucasian RN unit coordinator would only meet with plaintiff with another person acting as a witness, even though she did not treat similarly-situated Caucasian employees in this manner. *Id.* at ¶ 23.

In September 2019, plaintiff was diagnosed with post-traumatic stress disorder, anxiety, and depression, which amounted to a disability. *Id.* at ¶¶ 24–26. In December 2019, plaintiff requested a four-week leave of absence, supported by a doctor's note. *Id.* at ¶¶ 28–29, 30–31. After first appearing to approve her leave, defendant ultimately did not approve it and terminated plaintiff's employment on January 3, 2020. *Id.* at ¶¶ 30, 33. Plaintiff asserts that, upon information and belief, similarly-situated Caucasian employees in her situation were granted requests for time off. *Id.* at ¶ 35.

Plaintiff filed a complaint on October 6, 2020 bringing claims against defendant for disability-based discrimination in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (ADA); failure to accommodate in violation of the ADA; and unlawful race-based discrimination in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended by the Civil Rights of 1991 (Section 1981). On November 25, 2020, defendant timely filed an answer responding to the allegations of the complaint and asserting affirmative defenses and a motion to dismiss count three of the complaint, for unlawful race-based discrimination, under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## DISCUSSION

To survive a motion to dismiss, a complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v.*

2

*Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993).

Here, plaintiff makes several allegations related to her claim that defendant discriminated against her based on her race: (1) defendant failed to hire her for the unit coordinator position because of her race, (2) defendant denied her request for a leave of absence because of her race, and (3) a RN unit coordinator at some unspecified point required a witness before she would meet with plaintiff because of her race. Plaintiff also alleges that she was told there was no room in the budget for an additional unit coordinator position of the type she wanted, but she does not allege that anyone, African American or non-African American, was placed into another unit coordinator role beyond the one that had originally existed. In her complaint, plaintiff has made only conclusory allegations, and she fails to include any factual evidence to support her conclusions. As a result, plaintiff has failed to state a claim for unlawful race-based discrimination in violation of Section 1981. *See Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (stating that the Court "need not accept the legal conclusions drawn from the facts" or "unwarranted inferences, unreasonable conclusions, or arguments").

Asserting a claim of race-based discrimination requires plaintiff to prove what happened to her would not have occurred but for defendant's intention to discriminate on the basis of her race. *Ali v. BC Architects Eng'rs, PLC*, No. 19-1582, 2020 U.S. App. LEXIS 32577 (4th Cir. Oct.

15, 2020) (citing *Comcast Corp. v. Nat'l Assoc. of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). However, plaintiff has offered no direct evidence of discrimination. As to her first allegation, that defendant failed to hire her for the unit coordinator position because of her race, plaintiff has named one Caucasian employee who received a promotion she wanted. However, she has not stated, or asserted facts to show, that this employee has equal or lesser qualifications as compared to plaintiff. Plaintiff has not even stated that she formally applied for the position. Instead, she only mentions one conversation she had with a manager and some actions the manager took to try to help plaintiff. Plaintiff has not identified the decision-maker. Plaintiff has not stated that defendant provided her with an explanation for its selection of the other employee, and there is no indication that she even asked for an explanation. As to her second allegation, plaintiff has not named any specific individual who received a leave of absence of the type she requested and denied. Instead, she only alleges that such employees existed "upon information and belief." As to her third and final allegation, plaintiff has not alleged that this unit coordinator played any role in denying her any contractual right. Specifically, she has not alleged that this coordinator was involved in making either the promotion or the leave-of-absence decision.

Overall, while plaintiff alleged facts that defendant failed to hire her as a unit coordinator and failed to grant her request for a leave of absence, she fails to allege sufficient facts to claim that the reason defendant failed to hire her was because of her race. Her naked allegations that defendant's actions were based on her race fail to state a claim without factual basis supporting her alleged conclusions. *See McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 586 (4th Cir. 2015) (dismissing plaintiff's claim that defendant failed to hire her because of her race or sex when "she alleged no factual basis for what happened 'during the course of her interview' to support the alleged conclusion"). Here, the Court can only speculate that the

Caucasian hired as the unit coordinator was not better qualified or was not better suited based on experience and personality for the position. *Id.* Although plaintiff claims that other Caucasian employees were granted leaves of absence like the one she asked for, this Court will not authorize a fishing expedition to determine if any such individuals do, indeed, exist. *See Everett v. Redmon*, No. 7:16-CV-323-D, 2017 U.S. Dist. LEXIS 80876, at *13 (E.D.N.C. May 16, 2017) (stating that, despite plaintiff's assertion that he could not know if decisions were racially-motivated until being granted discovery, "[t]he Federal Rules of Civil Procedure do not permit such a fishing expedition." In conclusion, defendant's motion to dismiss the claim of race-based discrimination must be dismissed because plaintiff fails to "plausibly allege why she was qualified for the promotions, why an inference of race discrimination exists concerning her non-selection, [] why the selected applications were less or equally qualified," or why an inference of race discrimination exists concerning the denial of her leave-of-absence request. *Barcliff v. N.C. League of Muns.*, No. 5:10-CV-244-D, 2011 U.S. Dist. LEXIS 84647, at *11 (E.D.N.C. Aug. 1, 2011).

## CONCLUSION

Defendant's motion to dismiss count three of plaintiff's complaint is GRANTED. [DE 10].

SO ORDERED, this **31** day of January, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE